Case 4:21-cv-02786   Document 1-1   Filed on 08/25/21 in TXSD   Page 1 of 10

7/29/2021 11:51 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55822069
By: Patricia Jones
Filed: 7/29/2021 11:51 AM

2021-46018 / Court: 157

NO. _____

| | | |
|---|---|---|
| MOHAMAD FATAYERGI, DIANA FATAYERGI, INDIVIDUALLY AND A/N/F OF VALENTINA FATAYERGI, A Minor Child, Plaintiff | § § § § § | IN THE DISTRICT COURT |
| V. | § § | \_\_\_\_ JUDICIAL DISTRICT |
| LIFETIME FITNESS, INC. Defendant. | § § § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Mohamad Fatayergi and Diana Fatayergi, individually and, as next friend of Valentina Fatayergi hereinafter called Plaintiff, complaining of and about Lifetime Fitness, Inc. n/k/a Lifetime, Inc. ("Life Time") hereinafter called Defendant Life Time, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiffs intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Diana Fatayergi, is an individual who resides in Harris County, Texas.

3. The last three digits of the driver license number of Diana Fatayergi are 414.

4. Defendant Life Time is a for profit corporation doing business in Texas, is organized under the laws of the state of Texas. Defendant Life Time can be served with process, pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, through its registered agent, National Registered Agents, Inc., at 1999 Bryan Street #900, Dallas, TX 75201, its registered office or wherever it may be found. Plaintiff requests the District Clerk issue citation for service of Defendant Life Time by private process server.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks:

a. monetary relief over $200,000 but not more than $1,000,000.

7. This court has jurisdiction over the parties because Plaintiff is a Texas resident. Venue in Harris County is proper in this cause.

## FACTS

8. On or about January 26, 2021, one year old Plaintiff Valentina Fatayergi, was injured at the Life Time Fitness daycare center located at 7717 Willow Chase Blvd, Houston, TX 77070. Life Time is a day care center which advertises to parents they can safely leave their children at the day care center whilst working out. However, on the day of the incident, Defendant Life Time failed to supervise the children, failed to maintain control of the day care center, failed to properly train their employees and agents, failed to operate their facility as a reasonable prudent facility, and negligently, recklessly, and carelessly cared for the children at the day care center, such as Valentina. As a result of Defendant's severe negligent and reckless actions, Plaintiff suffered bodily injuries including fractured clavicle, displaced shoulder, physical pain, mental anguish, and extreme trauma. Plaintiff has incurred several medical expenses.

Based on information and belief, and at all times relevant to this suit, Defendant Life Time was operating their facility within the course and scope of normal work day schedules. Nothing Plaintiff did, or failed to do, caused the occurrence in question. Rather, it was the negligence of the Defendant named herein which proximately caused the occurrence in question and Plaintiff's resulting injuries and damages.

## COUNT 1-PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST DEFENDANT LIFE TIME

9. Defendant employee, Life Time, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein, which Defendant breached.

10. Plaintiff's injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

11. The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts and omissions:

a. Failing to maintain a proper lookout for Plaintiff;

b. negligently and recklessly caring for Plaintiff;

c. Failing to operate a day care facility as it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances;

d. In failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the facility reasonably safe;

e. In failing to implement proper policies, rules, and/or procedures to make its facility reasonably safe;

f. In failing to enforce proper policies, rules, and/or procedures to make its facility reasonably safe;

g. Being inattentive and failing to maintain proper control of Defendant's day care facility;

h. Operating its facility in a reckless manner;

i. Failing to control Defendant's day care center; and

j. Failing to isolate an unreasonably dangerous condition;

k. Other violations of the Texas Business Organizations Code.

Each of the above negligent acts and omissions constitute a beach of the duties owed by Defendant and such breach was a proximate cause of the injuries and damages suffered by Valentina. In this regard, Defendant was negligent, and this negligence was a proximate cause of Plaintiff's injuries and damages.

### COUNT 2-PLAINTIFF'S CLAIM OF NEGLIGENCE PER SE

12. Plaintiff re-alleges each and every allegation set forth above.

13. Defendant was negligent per se in his violations of applicable state statutes and regulations.

14. Plaintiff is within the class of persons meant to be protected by these statutes. Defendant's violations of these statutes were the proximate cause of the incident and Plaintiff's injuries and damages.

### COUNT 3-NEGLIGENCE OF LIFE TIME, RESPONDEAT SUPERIOR

15. Defendant is legally responsible to Plaintiff for the negligent conduct of its employees under the legal doctrines of respondeat superior, agency and/or ostensible agency because Defendant's employees were at all times material hereto an agent, ostensible agent, servant and/or employee of Defendant and were acting within the course and scope of such agency or employment. Defendant's employees, while acting within the course and scope of their employment (and in furtherance of Defendant's businesses), had a general duty to exercise reasonable care in performing their work. Defendant's employees, however, failed to exercise the requisite standard of care under the circumstances. As a result thereof, Defendant. is liable for all negligence caused by their employees.

Certified Document Number: 97098176 - Page 4 of 9

16. Defendant is also negligent in hiring incompetent or unfit employees and/or in failing to properly train, instruct and supervise employees, Defendant failed to provide the proper training and instruction to their employees which would have provided him with the proper skills and knowledge to avoid the incident which forms the basis of this lawsuit. Defendant's negligent hiring of and failure to properly instruct and train their employees was a proximate cause of the incident and Plaintiff's resulting injuries and damages.

17. Defendant was grossly negligent and acted with malice, as that term is understood under Texas law, and such conduct was a proximate cause of Plaintiff's injuries and damages. Defendant's malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendant for their callous disregard and as a deterrent to others from engaging in similar conduct. Plaintiff therefore asks for punitive and exemplary damages in addition to all actual damages.

**COUNT 4-PLAINTIFF'S CLAIM OF GROSS NEGLIGENCE OF DEFENDANT**

18  Plaintiff re-alleges each and every allegation set forth above.

19. Plaintiff alleges gross negligence against Defendant. Defendant acted with malice and/or conscious disregard for human safety. The acts and omissions of Defendant were committed with complete and reckless disregard for, and with willful, wanton and actual conscious indifference to the rights, safety and welfare of the Plaintiff. Such conduct was reckless and/or done with an intentional state of mind. Such gross negligence was a proximate cause of the occurrence, Plaintiff's injuries, and Plaintiff's damages. Thus, Plaintiff is entitled to punitive and/or exemplary damages.

**COUNT 5 PREMISES LIABILITY**

20. Defendant was the owner and in possession of the premises Life Time Fitness

daycare center located at 7717 Willow Chase Blvd, Houston, TX 77070, at the time plaintiff was injured.

21. Plaintiff entered Defendant's premises with defendant's knowledge and for their mutual benefit. Plaintiff's father was a member of the defendant's fitness club. The fees for use of the fitness club included babysitting services at the facility.

22. The conditions on defendant's premises posed an unreasonable risk of harm. The play equipment were not safely controlled and supervised by defendant's employees; the children were not properly supervised.

23. Defendant knew or reasonably should have known of the condition of the premises.

24. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to plaintiff. This duty includes a duty to inspect equipment, to properly train and supervise employees to ensure children safely play with the equipment and each other. Defendant breached the duty of ordinary care by failing to do the above.

25. Defendant's breach of duty proximately caused injury to plaintiff, which resulted in a fractured cervical, medical bills, pain and suffering, past present and future inability to perform certain physical activities.

26. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court..

## CONDITIONS PRECEDENT

27. All conditions precedent to Plaintiff's right to recover and to Defendant' liability have been performed or have occurred.

## PUNITIVE DAMAGES

28. Plaintiff re-alleges each and every allegation set forth above.

29. The damages alleged herein resulted directly from Defendant' gross negligence

and malice. See TEX. CIV. PRAC. & REM. CODE § 41.003(a). Plaintiff therefore seeks punitive damages against Defendant.

## DAMAGES FOR PLAINTIFF

30. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer bodily injuries, and to incur the following damages:

    A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

    B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C. Physical pain and suffering in the past;

    D. Physical pain and suffering in the future;

    E. Physical impairment in the past;

    F. Physical impairment which, in all reasonable probability, will be suffered in the future;

    G. Disfigurement in the past;

    H. Disfigurement in the future;

    I. Mental anguish in the past; and

    J. Mental anguish in the future.

## JURY DEMAND

Plaintiff demands a trial by jury.

## REQUEST FOR DISCLOSURES

Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose within 30 days of the filing of the first answer, the information or material described in

Rule 194.2(b)1-12. Any Defendant served or otherwise joined after the filing of the first answer must make their initial disclosures within 30 days after being served or joined.

### NOTICE

Pursuant to 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

Pursuant to 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from; including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, sweep logs, maintenance logs, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, any evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

To the extent that any Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendants pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff demands that, upon answer to this petition,

Defendants answer in their correct legal and assumed name.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon final trial of this case, Defendant be held liable for Plaintiffs' damages in an amount within the jurisdictional limits of the Court and that the Court award the following relief:

a) actual damages as listed in Paragraph 30 above, and exemplary damages;

b) punitive damages;

c) pre- and post-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate;

d) costs of court; and

e) any other relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

By: /s/ Bashist M. Sharma
Bashist M. Sharma
Texas Bar No. 00789824
bms@sharmalaws.net
Mala Sharma
Texas Bar No. 24072595
mala@sharmalaws.net
14411 Cornerstone Village Drive
Houston, Texas  77014
Tel. (281) 893-8644
Fax. (281) 893-2980
Attorney for Plaintiff



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   August 2, 2021

Certified Document Number:        97098176 Total Pages:  9

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**